UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. GILCHRIST, | No. 2:15-cv-1094 JAM DAD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondents. | |

Petitioner, a prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Petitioner filed this action for writ of habeas corpus on May 20, 2015. Court records reveal that on the same day, petitioner filed a separate action using the form provided by the court to state and county inmates who seek redress of alleged civil rights violations under the Civil

1 Rights Act, 42 U.S.C. § 1983.[1]  See Civil Action No. 2:15-cv-1093 MCE DAD P.  In an order
2 dated June 1, 2015, the court found that in both cases the petitioner in fact seeks habeas relief
3 based on the alleged "invalidity" of the same plea agreement in a state court criminal case and,
4 further, that "in neither action does [petitioner] seek any type of relief available under the Civil
5 Rights Act."  See Civil Action No. 2:15-cv-1093, Order filed June 1, 2015 (ECF No. 6) at 3.)
6 The court therefore construed the civil rights complaint filed in Civil Action No. 2:15-cv-1093 as
7 a petition for writ of habeas corpus (see id. at 3, 5), thus rendering the allegations of the petition
8 in this case duplicative.  As such, this action should now be dismissed.  See Adams v. California
9 Dept. of Health Services, 487 F.3d 684, 688 (9th Cir.2007) ("After weighing the equities of the
10 case, the district court may exercise its discretion to dismiss a duplicative later-filed action[.]"),
11 overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); Pierce v. Obama, No.
12 1:14-cv-1992-GSA-HC, 2015 WL 300676 at *1 (E.D. Cal. Jan. 22, 2015) ("Federal courts retain
13 broad powers to control their dockets and 'prevent duplicative or unnecessary litigation.'")
14 (quoting Slack v. McDaniel, 529 U.S. 473 (2000)).
15      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
16 prejudice, as duplicative of petitioner's pending habeas action in this court, Civil Action No.
17 2:15-cv-1093 MCE DAD P.  See Fed. R. Civ. P. 41(b).
18      These findings and recommendations are submitted to the District Judge assigned to this
19 case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served
20 with these findings and recommendations, petitioner may file written objections with the court.
21 The document should be captioned "Objections to Magistrate Judge's Findings and
22 /////
23 /////
24 /////
25 /////
26 /////
27
28 [1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2015

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
gilc1094.123